UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANETTE D. HARRISON,

                            Plaintiff,

   v.                                                **DECISION AND ORDER**
                                                            14-CV-604S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

1.     Plaintiff Jeannette Harrison challenges an Administrative Law Judge's ("ALJ") decision dated March 12, 2013, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. She now contends that this determination is not based upon substantial evidence, and reversal is warranted.

2.     Plaintiff filed applications for disability insurance benefits and supplemental security income in July 2011 alleging a disability beginning on July 18, 2011. Both claims were denied on October 13, 2011. Plaintiff was granted a hearing on those denials and, on January 25, 2013, Plaintiff and a vocational expert testified. The ALJ subsequently found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed an administrative appeal, submitting additional evidence. The Appeals Council accepted the new evidence and made it part of the record, but denied Plaintiff's request for review on May 30, 2014, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on July 28, 2014.

3.     Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on

1

the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might

justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work

3

experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since July 18, 2011, her alleged onset date (R. 17);[1] (2) Plaintiff had the following severe impairments: degenerative disc disease, obesity, and diabetes mellitus (R. 17-18); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 18); (4) Plaintiff had the residual functional capacity ("RFC") to perform light work with certain exceptions, including the need to be able to change position from sitting to standing at least every 30 minutes, and she should not be required to twist her body or neck more than a limited amount (R. 18-22); and (5) Plaintiff was unable to perform her past relevant work as a bus driver, but there were nonetheless jobs that existed in significant numbers in the national economy that Plaintiff could perform. (R. 22-24.)

10. Plaintiff contends that remand is required because "due process required the Appeals Council [to] provide *some* fact specific explanation to accompany its bare bones assertion that it had undertaken the appropriate regulatory review in light of the new and material evidence" submitted by Plaintiff. (Pl's Mem of Law at 14-21 (emphasis in original).) This argument is without merit. This is not a case where the Appeals Council considered the merits of the ALJ's decision and then affirmed. See Snell v. Apfel, 177 F.3d 128, 132

---

[1] Citations to the underlying administrative record are designated as "R."

(2d Cir.1999) (reviewing decision of Appeals Council that reconsidered and reversed the ALJ's determination based on the Council's new analysis). Instead, although the Appeals Council made this additional evidence part of the record, it denied Plaintiff's request for review. (R. 1–4.) "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." Sims v. Apfel, 530 U.S. 103, 106–7, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000); Perez v. Chater, 77 F.3d 41, 44 (2d Cir.1996); see DiBlasi v. Comm'r of Soc. Sec., 660 F. Supp. 2d 401, 406 (N.D.N.Y. 2009) (where the Appeals Council denies review, it is the ALJ's determination that is the final decision of the Commissioner and therefore reviewable pursuant to 42 U.S.C. § 405(g)). Accordingly, contrary to her argument, Plaintiff was not deprived of notice of the reasons her applications were denied; they were denied for the reasons stated in the ALJ's March 12, 2013 decision.

Further, Plaintiff was not deprived of an opportunity to be heard on the new evidence submitted to the Appeals Council. Because the Council accepted the evidence, these records became part of the administrative record to be considered by this Court in determining whether the ALJ's determination is supported by substantial evidence. Perez, 77 F.3d at 45-46; Sobolewski v. Apfel, 985 F. Supp. 300, 311 (E.D.N.Y. 1997); see Urena v. Colvin, No. 13 Civ. 06270(LGS)(DCF), 2015 WL 585583, *13 (S.D.N.Y. Feb. 11, 2015) (even where an ALJ's decision was correct at the time it was issued, consideration in a 405(g) review of new evidence submitted to the Appeals Council may render that decision unsupported by substantial evidence) (citing Brown v. Apfel, 174 F.3d 59, 65 (2d Cir. 1999)).

11. Plaintiff further argues that the ALJ's conclusion regarding her ability to sit and

5

stand is arbitrary and unsupported by any medical evidence. (Pl's Mem of Law at 11-14.) Initially, this is not a case where a medical opinion was either not obtained or completely rejected. Cf. Haymond v. Colvin, No. 1:11-CV-0631(MAT), 2014 WL 2048172, *7 (W.D.N.Y. May 19, 2014) (remand warranted where "no psychiatrist, psychologist, social worker, or counselor examined Plaintiff and gave an opinion regarding the functional limitations" resulting from an acknowledged impairment). Instead, in determining Plaintiff's RFC, the ALJ gave great weight to the opinion of consultative examiner Dr. Schwab who opined that Plaintiff had only a mild restriction in bending, lifting, and carrying, with no restriction noted in sitting or standing. (R. 22, 251.)

Further, this is also not a case where an ALJ "reject[ed] a treating physician's diagnosis merely on the basis that other examining doctors reported no similar findings." Rosa v. Callahan, 168 F.3d 72, 81 (2d Cir. 1999) (citing Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643 (2d Cir. 1983)). Here, the ALJ noted and properly rejected the conclusory notation of Dr. Hart that Plaintiff was "Permanent Total Impaired" because where, as here, no further explanation is offered, such a statement that a claimant is or is not disabled is not a medical opinion entitled to any special significance, but is instead a determination within the purview of the Commissioner. (R. 22); 20 C.F.R. § 404.1527(d)(1),(3); § 416.927(d)(1). Although the new evidence Plaintiff submitted to the Appeals Council includes a RFC questionnaire which expressly inquired as to Plaintiff's specific limitations, including her ability to sit and stand, Dr. Hart declined to answer any specific question, choosing instead to again write only "permanently total disabled" without further comment. (R. 327.)

Accordingly, the ALJ was "entitled to rely not only on what the record says, but also on what it does not say." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983); see

Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995) (proper for ALJ to rely on the absence of findings by *any physician* that plaintiff was unable to sit for prolonged periods of time). The ALJ recognized that Plaintiff claimed she could sit for about 15 minutes, walk for about a quarter of a mile and stand for about 10 minutes, (R. 10, 35-36), but sufficiently explained his reasoning for not crediting the claimed disability. Specifically, he highlighted that in addition to the absence of supporting objective medical findings, Plaintiff's conservative treatment had not resulted in a referral to an orthopedist, neurosurgeon, or other spinal surgeon, which would have been expected from a more significant impairment. (R. 19-22.) Indeed, Plaintiff had not engaged in certain expected conservative treatments, such as chiropractic manipulation, medical massage, or epidural injections. (R. 20.)

Accordingly, the ALJ appropriately weighed all of the evidence available, including Plaintiff's treatment records, to determine an RFC finding that was consistent with the record as a whole. See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (an ALJ's RFC determination need not perfectly correspond with the opinion of any one medical source where it is supported by the record as a whole) (citing Richardson v. Perales, 402 U.S. 389, 399, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). As a result, there was no gap in the record or ambiguity that would have triggered the ALJ's affirmative duty to further develop the record. See generally Rosa, 168 F.3d at 79 n. 5; see also Tankisis v. Comm'r of Social Sec., 521 F. App'x 29, 34 (2d Cir. 2013) (remanding solely to direct ALJ to obtain an express RFC opinion from a medical source inappropriate where record otherwise contains sufficient evidence on which the ALJ may base this determination).

12. Having considered Plaintiff's challenges, as well as the additional evidence made part of the record by the Appeals Council, this Court is satisfied that the ALJ committed no reversible error, and that his decision is based on substantial evidence.

7

Defendant's Motion for Judgment on the Pleadings is therefore granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 19, 2015
       Buffalo, New York

                                 /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                United States District Judge