UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANETTE D. HARRISON,
                Plaintiff,
   v.                                 **DECISION AND ORDER**
                                                14-CV-604S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

1.    Presently before this Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60 for reconsideration of the September 19, 2015 Decision and Order granting Defendant's motion for judgment on the pleadings. The decision to grant or deny a motion for reconsideration is within the sound discretion of a district court judge. Salamon v. Our Lady of Victory Hosp., 867 F.Supp.2d 344, 360 (W.D.N.Y. 2012); American ORT, Inc. v. ORT Israel, No. 07-CV-2332, 2009 WL 233950, *3 (S.D.N.Y. Jan. 22, 2009). "A motion for reconsideration under Rule 60(b) '[is] generally granted only upon the showing of exceptional circumstances.' " Salamon, 867 F.Supp.2d at 360 (quoting Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991)); see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is not a proper tool for simply repackaging and relitigating previously raised arguments, nor should new arguments and issues which could have been raised, but were not, on the original motion be considered. Salamon, 867 F.Supp.2d at 360. Instead, "reconsideration may be granted to correct a clear error, or prevent manifest injustice." Salamon, 867 F.Supp.2d at 360.

2.    In the September 19, 2015 Decision and Order, this Court rejected Plaintiff's argument that her due process rights were violated by the Appeals Council's failure to

provide a factual discussion of new evidence prior to denying review. (See Docket No. 12 ¶ 10.) Plaintiff now argues that reconsideration is warranted because, in her original motion, she "was focused on its due process framework, which [Plaintiff] had no way of predicting that the [C]ourt would reject in light of the substantial evidence framework," and therefore she "did not apply the new evidence submitted to the Appeals [C]ouncil to the analytical framework" in the Court's decision. (Docket No. 14-2 at 3.) This argument is rejected for two reasons.  First, the procedures cited by this Court for judicial review following the denial of review by the Appeals Council are neither new nor novel. See Sims v. Apfel, 530 U.S. 103, 106–7, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); Perez v. Chater, 77 F.3d 41, 44 (2d Cir.1996); Toney v. Colvin, No. 14-CV-634S, 2015 WL 5567541, at *3 (W.D.N.Y. Sept. 22, 2015); Rivera v. Colvin, No. 13-CV-610S, 2014 WL 4829375, at *3 (W.D.N.Y. Sept. 29, 2014). Second, Plaintiff's current arguments that this evidence clearly or critically undermined the ALJ's opinion were previously raised in her initial motion papers, (Docket No. 8-1 at 18-19), a fact made apparent by Plaintiff's discussion of Defendant's opposition to those arguments in the present motion. (Docket Nos. 10-1 at 19-20; 14-2 at 5-6.)  Because this Court has already considered these arguments and the evidence submitted to the Appeals Council in its prior Decision and Order, Plaintiff's motion is denied. See Salamon, 867 F.Supp.2d at 360.

    IT HEREBY IS ORDERED that Plaintiff's motion for reconsideration (Docket No. 14) is DENIED.

    SO ORDERED.

    Dated: November 25, 2015
    Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge